**U.S. BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **In re:**<br><br>**ARNOLD HOLDINGS I, LLC,**<br>     Debtor. | In Chapter 11 proceedings<br>Case No.: 2:12-bk-11080-DPC<br><br>**ORDER OVERRULING OBJECTION TO CLAIM #2** |

Arnold Holdings I, LLC (the "Debtor") objects to a proof of claim ("Claim #2") filed by Midfirst Bank ("Midfirst"). The Debtor contends that Midfirst does not hold a secured claim because Midfirst waived its deed of trust lien when it filed a state court lawsuit to recover on the promissory note secured by the deed of trust rather than foreclosing on the deed of trust. Because Arizona law does not support the Debtor's position, the Court overrules the objection and allows Midfirst's secured claim in the amount stated in Claim #2.

**I.    Facts**

Midfirst made a loan to the Debtor, evidenced by a $2,303,500.00 promissory note secured by a deed of trust encumbering commercial real estate located at 4347 East Cholla Street, Phoenix, Arizona 85028 (the "Property"). On February 14, 2012, Midfirst recorded a notice of a private deed of trust sale to sell the Property on May 22, 2012.

On March 21, 2012, Midfirst filed a lawsuit in Arizona Superior Court, Maricopa County ("State Court") against the Debtor and guarantors to obtain a money judgment on the note. The Debtor and guarantors filed a motion to dismiss Midfirst's complaint alleging that Midfirst failed to release the deed of trust prior to commencing suit on the note, contending such release was required by A.R.S. § 12-1566. After oral argument on the motion to dismiss, the State Court denied the motion in a minute entry holding that Midfirst was not required to elect its remedy in advance of litigation.

The Debtor thereafter filed the instant bankruptcy on May 18, 2012. Midfirst's Claim # 2 was filed as a secured proof of claim in the amount of $2,758,215.27. The Debtor filed an objection to Midfirst's claim (Dkt #116) contending that Midfirst waived its security interest when it filed the state court lawsuit to recover a money judgment on the note rather than complete a trustee's sale. Specifically, the Debtor argues that A.R.S. §§ 33-722 and 12-1566 require Midfirst to elect to either foreclose on the real property or release its lien and sue on the promissory note (Dkt #123, 126). Midfirst Bank filed a response to the Debtor's claim objection (Dkt #124) asserting that the Debtor is collaterally estopped from re-litigating this issue, that the Debtor waived any right to require Midfirst to elect its remedy pursuant to the terms of the promissory note, and that the Debtor's objection should be overruled because it is contrary to Arizona law.

**II. Analysis**

A. <u>A.R.S. § 33-722 Does Not Apply to Deeds of Trust</u>

A.R.S. § 33-722 provides that "[i]f separate actions are brought on the debt and to foreclose the mortgage given to secure it, the plaintiff shall elect which to prosecute and the other shall be dismissed." The Debtor asserts that A.R.S. § 33-722 is an election of remedies statute which requires Midfirst to elect to either foreclose on its deed of trust or file suit on its promissory note and waive its security interest. However, in this case, Midfirst is a holder of a deed of trust, not a mortgage. A.R.S. § 33-722 does not apply to deeds of trust foreclosed by trustee's sale. *Valley Nat. Bank of Arizona v. Kohlhase*, 897 P.2d 738, 740 (Ariz. Ct. App. 1995). Thus, § 33-722 does not require Midfirst to elect its remedy.

B. <u>A.R.S. § 12-1566 Does Not Preclude Midfirst From Both Suing on the Underlying Debt and Conducting a Trustee's Sale</u>

The Debtor also contends that A.R.S. § 12-1566(F) requires Midfirst to release its deed of trust lien because Midfirst elected to sue on the note rather than foreclose on the property. The Court finds this argument unpersuasive, however, because § 12-1566(F) is not an election of remedies statute.

Arizona's legislature enacted A.R.S. § 12-1566 to protect debtors from excessive deficiency judgments. *Wells Fargo Credit Corp. v. Tolliver*, 903 P.2d 1101, 1103 (Ariz. Ct. App. 1995). The statute achieves this goal by allowing judgment debtors to apply to the court for a determination of the fair market value of the property once a deed of trust is foreclosed by a private foreclosure sale. Once the fair market value of the property is ascertained by the Court, a credit shall be applied against the judgment in the amount of either the foreclosure sales price or the fair market value, whichever is greater.

Importantly, § 12-1566(F) provides that the "section shall not abate, suspend or bar the right of the holder of a debt secured by real property to abandon and release the lien on the real property which secures the debt and proceed against any borrower or guarantor. Abandonment and release shall be evidenced by a recorded release of the lien." The *Tolliver* court interpreted this section to "merely reassure[] lienholders that the fair market value provisions *do not interfere with* their right to waive their liens and proceed against the debtors personally." *Tolliver*, 903 P.2d at 1104 (emphasis in original). In other words, § 12-1566(F) does not mandate that the lienholder elect between suing on a note and commencing a trustee's sale. Instead, it allows creditors who do not want to be subject to a limitation on their deficiency judgment to waive their security interest and proceed against the debtor for the full amount of the debt. Thus, neither § 12-1566(F) nor *Tolliver* precludes creditors, such as Midfirst, from suing on a note and then foreclosing on a deed of trust which was posted as collateral for that note.

C. Collateral Estoppel and Waiver

Based on this Court's finding that Arizona law does not preclude Midfirst from suing on the note and then conducting a deed of trust sale on the lien securing that note, this Court does not need to address Midfirst's contentions that collateral estoppel precludes the Debtor from re-litigating this issue or that the Debtor waived these arguments when it signed the promissory note. Nevertheless, this Court notes that its decision appears to be consistent with the State Court's minute entry addressing apparently identical issues raised by the Debtor before the State Court. Since the State

Court's minute entry was apparently not reduced to an order entered by the State Court, this Court is concerned that collateral estoppel does not apply to the State Court minute entry. This Court also has doubts concerning the enforceability of any provision in the promissory note purporting to cause the Debtor to waive its statutory rights under A.R.S. § 12-1566. However, because of its ruling above, this Court need not address this argument raised by Midfirst.

### III. Conclusion

Arizona law does not preclude Midfirst from suing on a note and then conducting a private trustee's sale on the deed of trust securing that note. There is no election of remedies statute applicable to deeds of trust in Arizona. Moreover, § 12-1566(F) is not an election of remedies statute. Midfirst did not waive its security interest when it filed suit on its promissory note nor do the Arizona statutes require Midfirst to release its deed of trust simply because it sued on the note before it commenced its private deed of trust sale. Accordingly, the Debtor's Objection to Midfirst's Claim #2 is overruled and Midfirst's claim is allowed in the amount stated in Claim #2. If and when Midfirst completes its private sale of the subject deed of trust, Midfirst's claim will, of course, need to be reduced by the greater of the sale proceeds or the fair market value as determined by a court with proper jurisdiction over that issue.

**So ordered.**

Dated: April 8, 2013

DANIEL P. COLLINS
UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to:

All interested parties